**ORIGINAL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE A. NOEL,
    Plaintiff,

Case Number: 1:CV-01-1049
Judge Caldwell

v.

COMMONWEALTH OF PENNSYLVANIA,
ADAMS COUNTY COURT,
CONEWAGO POLICE DEPARTMENT,
WILLIAM HARTLAUB,
    Defendants.

FILED
HARRISBURG, PA

SEP 1 7 2001

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS DEFENDANTS CONEWAGO POLICE DEPARTMENT AND WILLIAM HARTLAUB

### PROCEDURAL HISTORY

On or about June 13, 2001, the Complaint of the plaintiff in this case, Wayne A. Noel, under 42 U.S.C. § 1983 was filed. Defendants the Conewago Police Department and William Hartlaub have now moved to dismiss any and all claims against them.

### STATEMENT OF FACTS

In 1999, Wayne A. Noel was charged with D.U.I. after his car went off the road. (Complaint, ¶ IV.) He alleged that he did not get a fair and equal trial on the D.U.I. charge. (*Id.*) On or about December 2000, Noel was arrested for escape. (*Id.*) He alleges that he was on medical leave through December 6, 2000. (*Id.*) The plaintiff was tried on each of the charges in state court. (*See id.*, ¶ III(B).) The plaintiff is currently confined in the Adams County Prison. (*Id.*, ¶ II.)

1

## ARGUMENT

Under the federal rules for pleading, every plaintiff, whether represented by an attorney or pro se, for each claim asserted, is required to provide

> a short and plain statement of the claim showing that the pleader is entitled to relief.

Fed. R. Civ. P. 8(a)(2). Each averment of the pleading, furthermore, is to be "simple, concise, and direct," although no technical form of pleading is required. Fed. R. Civ. P. 8(e)(1). While the plaintiff is not required to detail all the particularities of his claim, the averments in the complaint must, at a minimum, provide sufficient and sufficiently specific factual allegations to provide fair notice to any defendant of what the plaintiff's claim is and of the grounds upon which the claim rests. *E.g., Lillard v. Shelby County Board of Education*, 76 F.3d 716, 724 (6th Cir. 1996); *see also G.C.S., Inc. v. David W. Murray Co.*, 45 F.R.D. 8, 9 (W.D. Pa. 1968) (complaint sufficient if there are sufficient facts to indicate that plaintiff has a claim). Even the notice pleading allowed by the Federal Rules requires the plaintiff to include the operative facts upon which he bases his claim. *Askanase v. Fatjo*, 148 F.R.D. 570, 573 (S.D. Tex. 1993). In the context of a civil rights claim, specifically, conclusory allegations of unconstitutional conduct, without supporting factual allegations, do not provide a defendant with fair notice and, therefore, fail to state a claim. *See, e.g., Anderson v. Simon*, 217 F.3d 472, 474 (7th Cir. 2000); *Springdale Education Association v. Springdale School District*, 133 F.3d 649, 651 (8th Cir. 1998); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Lillard*, 76 F.3d at 726. A complaint will only be deemed sufficient when the plaintiff has alleged sufficient facts so that the court can determine whether the complaint

2

is frivolous or meritorious and the defendants have sufficient notice to enable them to answer the complaint. *E.g., District Council 47, American Federation of State, County & Municipal Employees, AFL-CIO v. Bradley*, 795 F.2d 310, 313 (3d Cir. 1986). Where the averments in a pleading fail to state a claim upon which relief can be granted, a defendant may present that defense by way of a motion to dismiss. Fed. R. Civ. P. 12(b)(6).

Certainly, it is true that the courts construe both civil rights complaints and pro se complaints with great liberality. *E.g., Becker v. Commissioner*, 751 F.2d 146, 149 (3d Cir. 1984). It is equally true, however, that a court is limited, in a pro se case, as in any other case, by the sufficiency of the allegations contained in the complaint and that, despite the highly deferential reading which the court must accord a complaint, the court may not credit bald or unsupported assertions. *E.g., Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52-53 (1st Cir. 1990). Rather, the averments of a pro se civil rights complaint must, like any other complaint, set forth facts giving rise to a cognizable claim—that is, the averments of the complaint must specifically identify particular instances of conduct which, as a logical exercise, adequately support the thesis of a constitutional violation. *E.g., Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993); *Correa-Martinez*, 903 F.2d at 52-53.

Accordingly, it is well established that where a person appears as a defendant in the identification of the parties, but is not implicated in the factual allegations of the complaint, a motion to dismiss that person should be granted. *Dove v. Fordham University*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (where individuals were named as defendants, but complaint contained no allegations indicating how those individuals had violated the law or injured the

3

plaintiff, motion to dismiss those individuals should be granted); *Marvasi v. Shorty*, 70 F.R.D. 14, 22-23 (E.D. Pa. 1976) (individuals whose names appeared in the caption and in the identification of parties' portion of the complaint, but nowhere in its text, were entitled to dismissal of the complaint as to them).

In the present case, the plaintiff has made two claims: first, that he did not get "a fair and equal tr[ia]l" on the 1999 D.U.I. charge against him and, second, that he was "not treated right" when he was arrested for escape. As to either claim, the plaintiff has made no factual allegation at all of any action taken by either the Conewago Police Department or William Hartlaub which could possibly be construed as implicating either of them in any unconstitutional conduct. In fact, the plaintiff has failed to make any averments whatsoever in his complaint which could provide fair notice to any defendant of the grounds upon which the first claim rests or to the Conewago Police Department or William Hartlaub of the grounds upon which the second claim rests as to them. In contrast to this case, in a case brought by inmates challenging various prison conditions and policies, the Third Circuit found that the numerous factual allegations by inmates, who were under protective custody in a particular unit at a youth correctional facility, included allegations that double celling in the unit had resulted in increased assaults and psychological stress; that unit inmates were required to stay in their cells except for limited out-of-cell recreation, which was less for them than others; that visits, job assignments, access to drug, alcohol, vocational, and educational programs were more limited than in the general prison population; that unit inmates were required to wear a painful device when transported to other locations which

4

other inmates were not required to wear; and that the inmates had complained to the prison administration by letter concerning these matters, sufficiently stated a claim for cruel and unusual punishment. *Nami*, 82 F.3d at 66-68. Likewise, the court found that allegations that the protective custody inmates were denied access to persons trained in the law, refused assistance in preparing legal claims, and effectively prohibited from assisting each other, sufficiently stated a claim for denial of access to the courts. *Id.* While the *Nami* plaintiffs did not detail all the particularities of their claim, the averments in the complaint clearly did provide sufficient and sufficiently specific factual allegations to provide fair notice of the claim and of the grounds upon which the claim rested.

While it is true that a dismissal under Rule 12(b)(6) is proper, only if no cognizable claim has been stated under the plaintiff's version of the facts, accepted as true and construed in the light most favorable to the plaintiff, a complaint which states no underlying facts and consists solely of conclusory allegations of law and unwarranted inferences of ultimate fact simply does not state a cognizable claim. *E.g.*, *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1321-22 (Fed. Cir. 1998) (stating principle and affirming dismissal for failure to state a claim). The plaintiff's complaint in the present case is just such a case, consisting solely of conclusory allegations of law (that he did not get a fair and equal trial on the D.U.I. charge and that he was not treated right when he was arrested for escape) and, perhaps, one, unwarranted, inference of ultimate fact (that his arrest "was wrong"). As such, this is a case in which a dismissal under Rule 12(b)(6) is clearly warranted.

5

As an additional ground, dismissal is proper as to nominal defendants from whom no relief is sought or possible. *Moubry v. Kreb*, 58 F. Supp. 2d 1041, 1048, 1051 (D. Minn. 1999) (motion to dismiss should be granted as to nominal defendants who were not necessary or proper parties to the action). Where a named defendant is legally incapable of providing the relief requested, dismissal of that defendant is proper. *Hispanic Coalition on Reapportionment v. Legislative Reapportionment Commission*, 536 F. Supp. 578, 583-84 (E.D. Pa. 1982) (motion to dismiss defendants who played no part in the state's reapportionment and election process and, thus, who had no power to provide any of the relief requested by the plaintiffs, could properly be granted). The defendants seeking dismissal in this case, like the defendants dismissed in *Reapportionment*, are legally incapable of providing relief requested. In the former case, the court explained,

> None of the items of relief requested makes the joinder of defendants Glancey, O'Donnell and City Committee either necessary or proper. The declaratory relief sought, of course, requires no action on any defendant's part. An injunction affecting the process leading to Pennsylvania's primary elections could not conceivably run against these three defendants simply because they have no official duties or functions under the Pennsylvania Election Code, Pa.Stat.Ann. tit. 25 § 2600 *et seq.*, and thus could not do anything to affect the manner or timing of that process. Similarly, defendants Glancey, O'Donnell and City Committee do not occupy any position empowered by Pennsylvania law to control in any way the development of a final reapportionment plan for the state legislature.

*Id.* at 583-84. In the present case, the relief the plaintiff has requested is that the car should have been checked out before he was charged with D.U.I. and that the escape charge be dropped. As to the first request, neither the Conewago Police Department nor William Hartlaub can go back in time to undo the order of events. More importantly, whether the car

6

was or was not checked out before the D.U.I. charge was issued is simply irrelevant to the charge. As to the second request, neither the Conewago Police Department nor William Hartlaub has authority over the plaintiff's prison record. These defendants are, therefore, without power to grant the relief requested. Accordingly, as in *Reapportionment,* they should be dismissed for that reason, as well.

Respectfully submitted,

Clayton R. Wilcox, Esquire
Wilcox & James
234 Baltimore Street
Gettysburg, PA 17325
Telephone: (717) 334-6474

Attorney for Defendants
Conewago Police Department and
William Hartlaub

7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE A. NOEL<br>    Plaintiff | Case Number: 1:CV-01-1049<br>Judge Caldwell |
| vs. | |
| COMMONWEALTH OF PENNSYLVANIA,<br>ADAMS COUNTY COURT,<br>CONEWAGO POLICE DEPARTMENT<br>WILLIAM HARTLAUB | |

### CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the Motion to Dismiss Defendants Conewago Police Department and William Hartlaub and Memorandum in Support of The Motion to Dismiss Defendants Conewago Police Department and William Hartlaub upon the following individuals and in the manner indicated below which service satisfies the requirements of F.R.C.P. No. 5:

Service by certified and first class mail, addressed as follows:

Mr. Wayne Noel
Adams County Prison
625 Biglerville Road
Gettysburg, PA 17325

Service by First Class Mail

Adams County Court of Common Pleas
c/o Court Administrator
111 Baltimore Street
Gettysburg, PA 17325

Office of the Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

Respectfully submitted,

WILCOX AND JAMES

Date: September 14, 2001

_____
Clayton R. Wilcox, Esquire
234 Baltimore Street
Gettysburg, PA 17325
(717) 334-6471
I.D. 15322