# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ORIGINAL

WAYNE A. NOEL,                          :
        Plaintiff,                    :      Civil Action No. 1:CV-01-1049
                      :      (Caldwell, J.)
                      :
Commonwealth of Pennsylvania, et al.   :
        Defendants,                   :

FILED

OCT 1 0 2001

## MEMORANDUM IN SUPPORT OF
## MOTION OF DEFENDANTS, PRESIDENT JUDGE OSCAR F. SPICER, JUDGE JOHN D. KUHN AND
## THE ADAMS COUNTY COURT OF COMMON PLEAS
## TO DISMISS PLAINTIFF'S COMPLAINT

## I.    INTRODUCTION

    Plaintiff appears to claim that defendants violated his constitutional rights when he was tried and convicted for driving under the influence because defendants did not "check" out the vehicle he was driving before charging him in 1999 and on December 5, 2000 when he was arrested for escape. (Complaint, §IV, pg.3). As relief, Plaintiff wants the accident investigated and seeks to have the Court drop the escape charge against him.

## II.    ARGUMENT

    **A.**    **The Doctrine of Absolute Judicial Immunity bars Plaintiff's claims against President Judge Spicer and Judge Kuhn.**

The doctrine of judicial immunity is an absolute bar to suit against judicial officers presiding over criminal matters within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978); Mireles v. Waco, 502 U.S.__, 112 S. Ct. 286 (1991). Immunity applies regardless of whether the actions complained of are alleged to have been in error, performed with malice, in excess of the judge's authority, Stump v. Sparkman, *supra*, or even if they are claimed to have been performed as a result of an alleged conspiracy with others. Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

The facts as set forth by plaintiff reveal that President Judge Spicer and Judge Kuhn only dealt with plaintiff in their judicial capacities. Therefore, the doctrine of judicial immunity quite obviously bars plaintiff's claims against these defendants.

**B.    The Court of Common Pleas of Adams County is not a "person" for the purposes of 42 U.S.C. §1983.**

State courts have been found not to be "persons" against whom suit may be brought under 42 U.S.C. §1983. See County of Lancaster v. Philadelphia Electric Company, 386 F. Supp. 934, 940 (E.D. Pa. 1975); Fox v. Juvenile Court, 321 F. Supp. 617 (E.D. Pa. 1970). These cases were decided before the Supreme Court held that municipalities may be considered "persons" subject to liability under §1983. See, Monell v. New York City Dept. of Social Services, 436 U.S. 658

2

(1978). However, states and state agencies remain immune from liability. See, Quern v. Jordan, 440 U.S. 332 (1979). Therefore, state courts such as the Court of Common Pleas of Adams County are immune from liability under 42 U.S.C. §1983. See O'Connor v. Nevada, 507 F. Supp. 546, 550 (D. Nev. 1981) aff'd 686 F.2d 749 (9th Cir. 1982), cert. denied 459 U.S. 1071 (1982). See also, Zuckerman v. Appellate Division, 421 F.2d 625, 626 (2d Cir. 1970); Poole v. White 547 F. Supp. 95, 97 (E.D. Mo. 1982); Louis v. Supreme Court of Nevada, 490 F. Supp. 1174, 1180 (D. Nev. 1980); Moity v. Louisiana State Bar Association, 414 F. Supp. 180 (E.D. La. 1976); aff'd. mem. 537 F. 2d 1141 (3 Cir. 1976); Quadr v. Superior Court of San Francisco County, 378 F. Supp. 605, 609 (N.D. Cal. 1974).

Since the Adams County Court of Common Pleas is not a "person" within the meaning of §1983., Plaintiff has failed to state a cause of action against this Defendant and it is entitled to have Plaintiff's Complaint against it dismissed with prejudice.

C.   **Plaintiff's Complaint fails to establish that he has had his conviction reversed or declared invalid by a court of competent jurisdiction.**

To the extent that Plaintiff seeks to recover in a civil rights action for damages that are alleged to have been the result of an unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render

3

a conviction or sentence invalid, his claim must fail until he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order or declared invalid by a state tribunal authorized to make such a determination. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Hecht v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).

### D.    Plaintiff has not alleged that he has exhausted his remedies for habeas corpus purposes.

Plaintiff, a prisoner, cannot demand release by virtue of any rights arising from 42 U.S.C. §1983, but rather is required to file a habeas corpus action which constitutes his sole federal remedy. This action requires that he exhaust effective available state remedies and he is not permitted to maintain a suit for relief under 42 U.S.C. §1983. Preiser Correctional Commissioner, et al. v. Rodriguez, et al, 411 U.S. 475, 93 S.Ct. 1827 (1973).

A state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§2254(b),(c);  Rose v. Lundy, 455 U.S. 509, 515-20,   S.Ct.____ (1982); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993); Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986).  The exhaustion requirement "is not a mere formality.  It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to

4

determine and correct any violations of a prisoner's federal rights." Gibson, 805 F.2d at 138.

Therefore, Plaintiff is not permitted to demand release from incarceration under 42 U.S.C. §1983.  He is required to exhaust available state remedies and, then if necessary, file a habeas corpus action.

## III.   CONCLUSION

Wherefore, Defendants President Judge Oscar F. Spicer, Judge John D. Kuhn and the Adams County Court of Common Pleas, respectfully submit that plaintiff's complaint against them should be dismissed with prejudice.


Respectfully submitted,


**MARY E. BUTLER, ESQUIRE**
PA Attorney I.D. No. 34922
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA  19102
(215) 560-6300
**Attorney For Defendants**
**President Judge Oscar F. Spicer,**
**Judge John D. Kuhn, And The**
**Adams County Court Of Common Pleas**

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE A. NOEL,                          :
        Plaintiff,                  :          Civil Action No. 1:CV-01-1049
                        :          (Caldwell, J.)

      v.                               :
                        :

Commonwealth of Pennsylvania, et al.   :
        Defendants,                 :

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 9, 2001, she personally caused to be served upon the following a true and correct copy of *Motion of Defendants, President Judge Oscar F. Spicer, Judge John D. Kuhn and The Adams County Court Of Common Pleas to Dismiss Plaintiff's Complaint*, together with supporting Memorandum of Law, proposed Order and Certificate of Service, by mailing same first class, postage prepaid, U.S. mail to:

Wayne A. Noel, Pro Se        Clayton R. Wilcox, Esquire
C/o 573 ½ Baltimore Street    238 Baltimore Street
Hanover, PA   17331          Gettysburg PA  17325

*Mary E Butler*

**MARY E. BUTLER, ESQUIRE**
PA Attorney I.D. No. 34922
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA  19102
(215) 560-6300
**Attorney For Defendants**
**President Judge Oscar F. Spicer,**
**Judge John D. Kuhn, And The**
**Adams County Court Of Common Pleas**

6